IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HAR BAR,**<br><br>        Plaintiff,<br><br>    v.<br><br>**COMMISSIONER<br>OF SOCIAL SECURITY**,<br><br>        Defendant. | Case No. 3:17-cv-1292-SI<br><br>**OPINION AND ORDER** |

George J. Wall, 1336 East Burnside Street, Suite 130, Portland, OR 97214. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah Moum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff, Ms. Har Bar, filed a motion requesting a remand order pursuant to sentence six

of 42 U.S.C. 405(g). Because Plaintiff has presented evidence material to her claim for

Supplemental Security Income ("SSI"), as well as good cause for not submitting the evidence

earlier, her motion for remand is GRANTED.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The District Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Molina v. Astrue*, 673 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. *Id.* at 1110-11 (quotation omitted). The Court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. *Id.* at 1110. The Court may not substitute its judgment for that of the Commissioner. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff filed her application for SSI on July 29, 2013, alleging disability as of May 30, 2012. AR 74. The claim was denied initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 4, 2015. AR 40-72. After the hearing, ALJ Sue Leise issued a partially favorable decision dated March 2, 2016, finding Plaintiff disabled from July 29, 2013 through September 1, 2015, based on the severe impairments of fibromyalgia and depression. AR 21-32. On April 20, 2017, the Appeals Council granted Plaintiff's request for review of the ALJ's decision, and determined that the ALJ erred by finding that Plaintiff was disabled for a period of

time instead of finding that Plaintiff was not disabled through the date of the ALJ's decision, March 2, 2016. AR 181-83. The Appeals Council allowed Plaintiff to submit additional briefing and evidence pursuant to the April 20, 2017 decision. AR 82.

Although Plaintiff subsequently submitted a legal brief and new evidence, on June 26, 2017, the Appeals Council essentially affirmed its earlier decision. AR 1-10. With regard to the new evidence, the Appeals Council stated, "this additional evidence does not show a reasonable probability that it would change the outcome of this decision. The Appeals Council did not consider and exhibit this evidence." AR 6. Accordingly, the new evidence was not made part of the administrative record, and therefore the Appeals Council's determination that Plaintiff was not disabled became the final decision of the Commissioner. Plaintiff now seeks a remand for further proceedings to consider the new evidence pursuant to sentence six of 42 U.S.C. § 405(g).

Born in June 1985, Plaintiff was 28 years old on the alleged disability onset date and 30 years old at the time of the second administrative hearing. AR 75. She cannot speak English, and indicated she attended school through the ninth grade. AR 27, 219, 221. She alleges disability due to AIDS, fibromyalgia, psychosis, major depression, PTSD, chronic pain, chronic fatigue, headaches, and nausea, and vomiting. AR 75-76.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 432(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.920(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, July 29, 2013. AR 24. At step two, the ALJ concluded that Plaintiff had the severe impairments of fibromyalgia and

depression. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. *Id.*

The ALJ next assessed Plaintiff's RFC. The ALJ found that, from July 29, 2013 through September 1, 2015, Plaintiff could perform light work with the following limitations: she could lift and carry up to 10 pounds frequently and up to 20 pounds occasionally; she could stand or walk for up to six hours, and sit for up to eight hours, in an eight-hour day; she could occasionally climb ramps and stairs but could not climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she needed to avoid exposure to excessive vibration such as jackhammers and hazards such as unprotected heights and dangerous machinery; she could remember, understand, and carry out tasks or instructions consistent with occupation with Specific Vocational Preparation ("SVP") level of 1 or 2; she could perform work with simple work-related decisions with few workplace changes; she was limited to occasional superficial interaction with the general public, but no in-depth discussions or negotiations; she could work in proximity to coworkers but would do best performing work not requiring teamwork; and she was able to perform only 75 percent of the tasks assigned on a daily basis. AR 25.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 27. At step five, the ALJ concluded that because there were no jobs that existed in significant numbers considering Plaintiff's age, education, work experience, and RFC, she was disabled from July 29, 2013 through September 1, 2015. AR 28.

The ALJ further determined that medical improvement occurred as of September 2, 2015, which caused Plaintiff's period of disability to end. AR 29. The ALJ found that Plaintiff's sleep improved with Melatonin in August 2015; she was "weaning down pain medication in

June 2015" and off of morphine by September 2015; and by September 2, 2015, her "affect was bright and eye contact was good," which the ALJ found inconsistent with Plaintiff's mental impairment allegations. AR 30. Accordingly, the ALJ formulated an RFC for the period beginning September 2, 2015, which was identical to the first, but omitted the limitation that Plaintiff was only able to perform 75 percent of the tasks assigned on a daily basis. *Compare* AR 25 *with* AR 30. Based on the second RFC, the ALJ determined that there were jobs existing in significant numbers that Plaintiff could perform beginning on September 2, 2015, including hand bander of small products, and garment folder. AR 31-32. As explained above, the Appeals Council determined that Plaintiff was not disabled from September 2, 2015 through the date of the ALJ's decision, March 2, 2016. AR 9.

## DISCUSSION

Plaintiff contends that her case should be remanded to an ALJ for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). Under this statute, a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding." 42 U.S.C. § 405(g). In order to be deemed material, "the new evidence must bear directly and substantially on the matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citing *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). A plaintiff must additionally demonstrate the new evidence creates a "reasonable possibility" that the prior disposition would have changed if it had been considered. *Id.* (citing *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)). "Good cause may be established by demonstrating that the new evidence was unavailable earlier." *Id.* at 463 (citation omitted). Plaintiff maintains that the new evidence she seeks to add

to the administrative record is material and that she has demonstrated good cause for failing to submit the evidence earlier.

**A. Materiality**

In support of her motion to remand to consider new evidence under sentence six of 42 U.S.C. 405(g), Plaintiff attached two exhibits to her motion: the first exhibit, ECF 11-1, consists of treatment records from Multnomah County Health Department for the time period of November 3, 2015 through March 31, 2016. (ECF 11-1). Plaintiff argues that the exhibit shows that shortly after the adjudicated period, she continued to require narcotic pain medications, and that her mental status deteriorated. The second exhibit, ECF 11-2, includes chart notes by treating physician Daniel Towns, D.O., of the Intercultural Psychiatric Program at Oregon Health Sciences University ("OHSU") Department of Psychiatry, dated January 14, 2016 and January 28, 2016. ECF 11-2. Plaintiff contends that ECF 11-2 reveals that her mental health continued to be a significant problem for her after September 2015.

The Commissioner concedes that ECF 11-1 documents an increase in Plaintiff's medication, but maintains that the increase is not material because it does not give rise to a reasonable possibility of changing the ALJ's decision. In support, the Commissioner argues that Plaintiff was taken off morphine before September 2015, that an increase in oxycodone in November 2015 was merely a temporary measure, and that Plaintiff's fibromyalgia was rarely discussed in the Multnomah County chart notes. *See* ECF 11-1, at 15, 17, 20, 21-22.

The Commissioner's contentions are unpersuasive. The ALJ found Plaintiff was no longer disabled by September 2, 2015, in part, because of chart notes documenting weaning off narcotic pain medications. As Plaintiff points out, however, her pain medication was increased in November 2015 due to fibromyalgia symptoms: "[p]ain is the same generalized muscle aching

that she's had for a long time . . . she would like to resume morphine." ECF 11-1, at 9. Although she was returned to her once-per-day dosage of oxycodone the following month, Plaintiff continued to have pain symptoms, as evidenced by her request for an injection of Toradol and an increase in her Neurontin to three times per day. ECF 11-1, at 11. Her weaning from narcotic medications additionally coincided with an increase in Flexeril to address pain. AR 696, 700; ECF 11-1, at 11. At the following appointment in January 2016, treatment notes do not reflect discussion of pain symptoms, as the focus was directed instead on an unusual incident that occurred in Montana. ECF 11-1, at 13. By February 2016, Plaintiff's pain symptoms were worse due to what was eventually diagnosed as a ruptured ovarian cyst. ECF 11-1, at 21, 23. Even assuming the increase in oxycodone was made due to issues unrelated to her step two impairments, Paintiff continued to be prescribed Neurontin and Flexeril for fibromyalgia symptoms through at least March 26, 2016. ECF 11-1, at 27. Thus, the new evidence could be interpreted as showing that Plaintiff's fibromyalgia pain persisted, despite the narcotic medication taper.

Because ECF 11-1 plausibly demonstrates that other pain medications were increased to account for Plaintiff's weaning from narcotic pain medications, there is a reasonable possibility that an ALJ on review would not find Plaintiff's continuing subjective pain complaints were unsupported. As such, ECF 11-1 is material to the matter in dispute. *Mayes*, 276 F.3d at 262.

The Commissioner further argues that ECF 11-2 chart notes are not material because they merely record the isolated exacerbation of mental symptoms related to Plaintiff's issues following a trip to Montana. Again, the Commissioner's argument is unpersuasive. On January 14, 2016, Plaintiff described traveling to Montana where she unwittingly signed a marriage certificate with a stranger, explaining that she was "sick" at the time and had no

memory of the event. ECF 11-2, at 2. The treating provider described the story as "very confusing," and noted that Plaintiff was irritable, angry, volatile, and passively suicidal. *Id.* The provider discussed increasing Plaintiff's dosage of olanzapine, which is typically prescribed to treat conditions such as schizophrenia and bipolar disorder. *Id.* Two weeks later, Plaintiff endorsed feeling unwell and an inability to sleep due to fear of people. ECF 11-2, at 4. The provider noted that Plaintiff was anxious, distressed, irritable, and angry, and she expressed "some passive [suicidal ideation]." *Id.*

Even if these chart notes reflect an "isolated exacerbation," as the Commissioner contends, the propriety of the ALJ's finding of improved mental symptoms are plausibly undermined by Plaintiff's affect in January 2016, and continued erratic behavior, such as apparently unintentionally signing a marriage certificate. Although there was some new evidence that indicated Plaintiff's mental symptoms were "stable on meds" (*see* ECF 11-1, at 12, 14, 62), the severe symptoms described in January 2016 plausibly suggest that she was not as stable as originally believed, or that her baseline, even if stable, did not demonstrate an adequate level of functioning such that she was able to maintain regular work.

Based on the foregoing, there is a reasonable possibility that had an ALJ timely been provided with the two new exhibits submitted by Plaintiff, an ALJ would not have found that Plaintiff's disability ended on September 2, 2015. Further, because the Appeals Council ultimately concluded that Plaintiff was not disabled through March 2, 2016, there is no doubt that the new evidence bears directly and substantially on the adjudicatory period. *See* AR 9.

**B. Good Cause**

Plaintiff asserts that good cause for remand under sentence six of 42 U.S.C. 405(g) is established because: (1) the evidence did not exist at the time of the ALJ hearing; and (2) due to

the fact that Plaintiff does not speak English, her counsel was unaware of the existence of the records until the ALJ's decision was issued. The Commissioner does not dispute Plaintiff's assertions regarding the "good cause" prong, and the Court has no reason to question Plaintiff's explanation. Accordingly, good cause is established.

## CONCLUSION

Because Plaintiff has established that the new evidence she wishes to add to the administrative record is material, and because she has demonstrated good cause for not presenting the new evidence earlier, Plaintiff's motion for REMAND under sentence six of 42 U.S.C. § 405(g) (ECF 11) is GRANTED. Although this case will be closed in the interim, the Court shall retain jurisdiction over this matter in the event the subsequent decision by the Commissioner is appealed to this Court. *See* 42 U.S.C. § 405(g).

DATED this 30th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge